IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06CV598-WKW |
| ) | |
| ENTERPRISE CITY SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS or, in the alternative,**
**MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Enterprise City Board of Education and makes this special appearance only for the purposes of submitting this Motion and without admitting that jurisdiction is proper and without submitting to the jurisdiction of this Court, and states that the Plaintiff's Complaint is due to be dismissed for the following reasons:

1. Plaintiff has named the "Enterprise City School District" as the Defendant in this case. There is no legal entity known as the "Enterprise City School District." In Alabama, the legal entities charged with the administration and supervision of public schools are known as City Boards of Education. Ala. Code §16-11-1 et seq. Therefore, the Plaintiff's Complaint is due to be dismissed in that she has named the wrong defendant. Shelley v. Bayou Metals, 561 F.2d 1209 (5th Cir. 1977).[1]

Under different circumstances, Defendant acknowledges that the Court might consider allowing Plaintiff to amend her Complaint to name the correct defendant. However, in this case the Plaintiff was on clear notice as to the identity of her true employer. As shown on the attached offers of the employment, the Plaintiff was on clear notice the "Enterprise City Board of Education"

---

[1] Copies of the cases cited herein are attached as an Appendix.

employed her. See Exhibit "A" attached hereto. Therefore, she knew or had reason to know who was the correct Defendant and cannot now seek an amendment to the Complaint which would relate back to the original filing date. Bryant v. United States Department of Agriculture, 967 F.2d 501 (11th Cir. 1992).

Since she failed to sue the correct Defendant, her time to file suit has expired as it is more than ninety (90) days past the date when she received the Notice from the EEOC. Plaintiff filed an EEOC charge but the EEOC initially dismissed the charge noting it was not timely. See Exhibit "B" attached hereto. Subsequently, the EEOC reconsidered its dismissal. See Exhibit "C" attached hereto. Finally, on April 11, 2006, the EEOC again dismissed the charge concluding that the information submitted did not establish any violations of applicable law. See Exhibit "D" attached hereto. The EEOC Notice informed Plaintiff that she had to file suit within 90 days of her receipt of the Notice of Dismissal. Plaintiff admits in her Complaint that she received the notice on April 11, 2006. Her failure to sue the proper defendant means any new or Amended Complaint would now be barred because it would be asserted after the 90 day period expired. See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir.2000); Zillyette v. Capital One Financial Corp., 179 F. 3d 1337 (11th Cir. 1999).

2. Plaintiff's Complaint is due to be dismissed for another important reason. The face of the Plaintiff's Complaint reveals that she is seeking recovery for alleged "discrimination" from "11-2003 thru 5-2005." She filed her EEOC charge on November 14, 2005. See Exhibit "B." To the extent her Complaint claims alleged "discrimination" or other unlawful practices more than 180 days prior to her filing the EEOC charge, the Complaint fails as a matter of law. 42 U.S.C. § 2000e-5(e)(1).

3. In addition to the above reasons, Defendant asserts that the Plaintiff's Complaint is also

due to be dismissed based on the following:

    a.    Plaintiff's complaint fails to state a claim for which relief may be granted.

    b.    Plaintiff's Complaint fails as a matter of law based on the applicable statute of limitations, failure to comply with the 90 day period in which to file suit and laches.

    c.    Plaintiff's Complaint is barred because Defendant is protected under sovereign immunity, absolute immunity, discretionary function immunity, state agent immunity, and all other forms of immunity to which they may be entitled by the Constitution, federal law or state law.

    d.    Plaintiff has failed to state a prima facie claim under federal employment laws.

    e.    Plaintiff's Complaint is due to be dismissed because she has failed to allege that the Board violated any official policy or custom.

    f.    Plaintiff's Complaint is due to be dismissed because of insufficiency of process and insufficiency of service of process.

    g.    Plaintiff's Complaint is due to be dismissed because of Court's lack jurisdiction over the Defendant in that there is no such Defendant as named in the Complaint and the proper Defendant was not timely named.

    /s/ R. Rainer Cotter, III
R. RAINER COTTER, III (COT010)
**Counsel for Defendant,**
**Enterprise City Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
rrc@enterpriselawyers.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the **7TH** day of **August, 2006**, I have served a copy of the above and foregoing document upon the following individual by United States mail, postage prepaid, and properly addressed:

Linda Williams
3538 Lake Oakridge Drive
Enterprise, Alabama 36330

                                            /s/ R. Rainer Cotter, III
                                            Of Counsel