# APPENDIX

Westlaw

179 F.3d 1337 Page 1
179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017
(Cite as: 179 F.3d 1337)

**Briefs and Other Related Documents**

United States Court of Appeals,
Eleventh Circuit.
Terry G. ZILLYETTE, Plaintiff-Appellant,
v.
CAPITAL ONE FINANCIAL CORPORATION,
Defendant-Appellee.
No. 98-3404.

July 7, 1999.

Former employee sued former employer under Americans with Disabilities Act (ADA). The United States District Court for the Middle District of Florida, No. 96-2555-CIV-T-17, Elizabeth A. Kovachevich, J., 1 F.Supp.2d 1435, found complaint time-barred and entered summary judgment for employer. Employee appealed. The Court of Appeals, Barkett, Circuit Judge, held that employee bore minimal burden of retrieving Equal Employment Opportunity Commission's (EEOC) right-to-sue letter in timely manner following Postal Service's first attempt to deliver it, and, as such, 90-day period within which plaintiff was required to file his ADA complaint commenced three days beyond date of first delivery notice.

Affirmed.

West Headnotes

**[1] Civil Rights ⚖ 1530**
78k1530
(Formerly 78k210)
ADA plaintiff bore minimal burden of retrieving Equal Employment Opportunity Commission's (EEOC) right-to-sue letter in timely manner following Postal Service's first attempt to deliver it, given unrebutted evidence that Postal Service delivery notice that plaintiff received contained sender's name, and, as such, 90-day period within which plaintiff was required to file his ADA complaint commenced three days beyond date of first delivery notice. Americans with Disabilities Act of 1990, § 107(a), 42 U.S.C.A. § 12117(a); Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); Fed.Rules Civ.Proc.Rule 6(e), 28 U.S.C.A.

**[2] Civil Rights ⚖ 1530**
78k1530
(Formerly 78k373, 78k210)
For purpose of rule requiring filing of Title VII or ADA complaint within 90 days of Equal Employment Opportunity Commission's (EEOC) right-to-sue letter, plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery, and three-day period, analogous to federal rule governing time for taking action after service by mail, provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter. Americans with Disabilities Act of 1990, § 107(a), 42 U.S.C.A. § 12117(a); Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); Fed.Rules Civ.Proc.Rule 6(e), 28 U.S.C.A.
*1338 Charles Gilbert Burr, III, Tampa, FL, for Plaintiff-Appellant.

Christopher J. Green, Jacksonville, FL, Bruin S. Richardson, Janet S. Jenness, Richmond, VA, for Defendant-Appellee.

Appeal from the United States District Court for the Middle District of Florida.

Before BLACK and BARKETT, Circuit Judges, and GOLD [FN*], District Judge.

FN* Honorable Alan S. Gold, U.S. District Judge for the Southern District of Florida, sitting by designation.

BARKETT, Circuit Judge:

Appellant Terry Zillyette appeals the district court's grant of summary judgment to Capital One Financial Corp. ("Capital One") on Zillyette's claim that Capital One discriminated against him on the basis of disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117. He first claims that the district court erred in holding that his cause of action was time-barred. He also asserts that he presented sufficient evidence to show that Capital One denied him reasonable accommodations and discharged him because of disability, thereby precluding summary judgment. We affirm the district court's conclusion that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

179 F.3d 1337                                                                                                                    Page 2
179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017
**(Cite as: 179 F.3d 1337)**

Zillyette's complaint was time-barred, thus making it unnecessary to address any other issue in this case.

### BACKGROUND

Zillyette began working as a Customer Service Associate for Capital One in Tampa, Florida in July 1995. During the eight months in which he was employed by Capital One, Zillyette missed twenty-five days of work and on five other occasions left work early, in part due to an illness misdiagnosed as diabetes. On January 26, 1996, Zillyette was told that he was HIV+ and given a letter stating that he was suffering from an "immunologic disease" and "needs to be on a regular 8 hour work program as stress is detrimental to him." After considering both the letter and Zillyette's previous absentee record, his employers decided to terminate him.

On May 10, 1996, Zillyette filed a charge of discrimination with the EEOC, alleging disability discrimination by Capital One. On September 4, 1996, the EEOC sent a certified letter to Zillyette informing him of his right to sue within 90 days. The U.S. Postal Service first attempted to deliver the EEOC's letter on September 5, 1996, but was unsuccessful in this attempt because Zillyette was not at home. The *1339 Postal Service agent instead left a standard notice that the letter would be redelivered or could be picked up at the post office. The manager of Customer Service for the Tampa, Florida branch of the United States Postal Service provided in an affidavit that the delivery notice is to be filled out by the carrier and includes, among other things, the sender's name. On September 10, the Postal Service again unsuccessfully attempted to deliver the EEOC letter. The Postal Service agent left a second notice indicating that if Zillyette did not pick up the letter by September 20, it would be returned to sender. Sometime between September 10 and September 20, Zillyette picked up the letter, although it is not clear when during this time he did so.

On December 12, Zillyette filed a *pro se* complaint. The district court granted summary judgment to the defendant, concluding that Zillyette had not filed suit within 90 days of receipt of the EEOC letter because the 90-day period began to run when the Postal Service first tried to deliver the letter on September 5. [FN1] This appeal followed.

> FN1. The district court also found that Zillyette had failed to show that he was a qualified individual with a disability under the ADA and that he was discharged because of his disability.

### DISCUSSION

[1] It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 12117(a). Under Title VII, in cases where the EEOC does not file suit or obtain a conciliation agreement, the EEOC "shall so notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...." 42 U.S.C. § 2000e-5(f)(1). Zillyette argues that the 90-day period did not begin to run until he picked up the EEOC letter at the post office.

We first had occasion to consider the meaning of this provision of Title VII in *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir.1974), rev'd on other grounds, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In *Franks,* we explained that "[t]he key word in the statute is 'notify'; the limitations period begins to run upon notification of the aggrieved party. This Court has held that such notification takes place only when 'notice of the failure to obtain voluntary compliance has been sent and received.'" *Id.* at 404 (quoting *Miller v. International Paper Co.,* 408 F.2d 283, 287 (5th Cir.1969)). We found that "statutory notification is complete only upon actual receipt of the suit letter," observing that "Congress did not intend to condition a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out in the statute." *Id.* Applying this principle, we reversed the district court's dismissal of plaintiff's suit based on the fact that the EEOC's notification letter was lost by plaintiff's nine-year old nephew. *Id.* at 405 ("Where ... it is shown that the claimant through no fault of his own has failed to receive the suit letter ..., as in this case, the delivery of the letter to the mailing address cannot be considered to constitute statutory notification.").

In *Franks,* although the letter was delivered, it was lost by the plaintiff's nephew "through no fault" of the plaintiff. *Id.* We found these circumstances to constitute an "event[ ] beyond [the plaintiff's] control," and therefore concluded that the plaintiff could not be considered to have had statutory notice of his right to sue. *Id.* at 404. In *Lewis v. Conners Steel Co.,* 673 F.2d 1240 (11th Cir.1982), the plaintiff, *1340 like that in *Franks,* also did not receive his right to sue letter. But in *Lewis,* the plaintiff's own actions may have explained his failure to receive the EEOC's letter, which went to a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

179 F.3d 1337                                                                                        Page 3
179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017
**(Cite as: 179 F.3d 1337)**

different address than the one in which the plaintiff resided. We found that the plaintiff's suit would be barred if he had failed to "advis[e] the EEOC of address changes or to take reasonable steps to ensure delivery of the notice to his current address," id. at 1243, because "[i]f [the plaintiff] did not contribute that minimum assistance to the process, he should not be heard to complain that he did not receive the letter delivered to the last address known to the EEOC, unless he can show, in the words of *Franks*, that other 'fortuitous circumstances' or 'events beyond his control' intervened, and that he 'through no fault of his own' failed to receive the suit letter." Id. (quoting *Franks*, 495 F.2d at 404-05). We remanded for the district court to make factual findings on these questions.

Our disposition of the notice issue in *Lewis* suggests that the "beyond [the plaintiff's] control" language of *Franks* implies a minimal responsibility on the part of the plaintiff in the resolution of his or her claims. Specifically, we stated that

> [w]e need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless. *Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.*

Id. at 1242 (emphasis added). In *Lewis*, we concluded that it was reasonable to require the plaintiff to shoulder the "*de minimus*" burden of notifying the EEOC of his change of address. Since *Lewis*, we have continued to approach these issues on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility in resolving their claims without "conditioning a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out in the statute." *Franks*, 495 F.2d at 404.

For example, in *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir.1983), and *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir.1982), we affirmed the dismissal of suits for failure to meet the 90-day filing deadline where the EEOC notification letter was delivered to plaintiff's home and was received by a responsible family member who resided in the home. See *Law*, 713 F.2d at 692-93 (dismissing suit on timeliness grounds where plaintiff's seventeen-year-old son picked up the EEOC letter at the post office at the directive of plaintiff's wife and left it on the kitchen table); *Bell*, 693 F.2d at 1087 (finding 90-day period for filing suit began to run when plaintiff's wife received the letter at their shared place of residence). These cases, in other words, required plaintiffs to assume the minimal burden of informing family members of suitable age and discretion [FN2] that plaintiffs were expecting an important letter related to their pending claim, and that they needed to be alerted immediately following its delivery. In this way, we have attempted to insure against the possibility of manipulation when the time of receipt is uniquely within the plaintiff's control. At the same time, we have recognized that when a plaintiff has not *1341 known of the receipt of the letter through no fault of his or her own or because of circumstances beyond his or her control, as in *Franks*, the time must begin to run from the time of actual receipt. [FN3]

> FN2. *Cf.* Fed.R.Civ.P. 4(e) (providing in part that process may be served upon individuals within a judicial district of the United States "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein").

> FN3. Other circuits, faced with this issue, have reached similar results on the basis of similar principles. In *Sousa v. NLRB*, 817 F.2d 10 (2d Cir.1987), for example, the plaintiff received notice of the certified letter from his post office box five days after it was delivered, and immediately retrieved the letter. The court found "[t]he receipt by [plaintiff] of the notice ... [to be] the effective date for measuring the [limitations] period [because a] 5-day delay, which included a weekend, is not an unreasonable time for [plaintiff] to have failed to visit the box." Id. at 11. The court, however, made clear "that unexplained failure to visit a post office box for a long period of time might result in a different conclusion." Id. See also *Hornsby v. United States Postal Service*, 787 F.2d 87, 91 (3d Cir.1986) (rejecting the argument that a postal notice of unsuccessful delivery was sufficient to commence the running of the 90-day limit

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

179 F.3d 1337                                                                                         Page 4
179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017
(Cite as: 179 F.3d 1337)

for filing suit because the form did "not disclose the name or address of the sender nor does it convey any other relevant information; it states simply that an unknown person has mailed a certified letter to the addressee"); *Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir.1993)* (holding that "the limitations period is triggered when the Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pickup, and not when the letter is actually picked up" and applying the doctrine of equitable tolling to remedy resulting injustices). *But see id.* (finding equitable tolling to be inappropriate in the case at hand because the plaintiff "suspected that the letter about which she had received notice from the Postal Service was a letter from the EEOC").

In this case, if the delivery notice left for Zillyette by the postal service had failed to contain the information that the EEOC was the sender, it would have simply advised him that a letter was waiting for him at the post office, a letter that could have been from anyone. Under these circumstances, the suit letter from the EEOC could not fairly or reasonably be deemed to have been received from the date of the notice, because Zillyette's failure to retrieve the letter would have had no bearing at all on the diligence with which he was pursuing his claim. On the other hand, had the notice identified the EEOC as sender, Zillyette would have had the *de minimus* responsibility to obtain the letter in a timely manner or provide a reasonable explanation as to why this was not done. To hold otherwise would permit him simply to defer the retrieval of the letter and thus to manipulate the 90-day time limit.

Capital One, in support of its motion for summary judgment, presented evidence that the Postal Service had made two attempts to deliver the letter and that the form left by the Postal Service included a space for the sender's name, a space which, in the normal course of business, would have been filled in by the Postal Service. Zillyette did not refute this evidence, testifying only that he did not remember if the notice left at his home contained the sender's name or not. [FN4] We are therefore required to credit the unrebutted evidence that the delivery notice Zillyette received contained the sender's name, and to conclude that Zillyette bore the minimal burden of retrieving the letter in a timely manner following the Postal Service's first attempt to deliver it. This he did

not do. We therefore hold that, under the circumstances presented in this case, the district court did not err in ruling that the 90-day filing period had expired.

> FN4. Zillyette was also unable to testify as to the date when he ultimately retrieved the letter from the post office. Conceivably, it could have been retrieved on September 11, the day after the second notice, which would have made his lawsuit untimely even from the date of receipt.

[2] Since *Franks* and *Lewis*, we have continued to approach these issues on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case. In addition, we have continued to require plaintiffs to assume some "minimum responsibility" in resolving their claims. Taking these considerations into *1342 account, we agree with the Second Circuit in *Sousa v. N.L.R.B., 817 F.2d 10, 11 (2d Cir.1987)*, that a plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery and therefore conclude that a three-day period, analogous to the federal rule governing time for taking action after service by mail, see Fed.R.Civ.P. 6(e), provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter. Providing a three-day period also provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue. Any other hardships to plaintiffs can be accommodated by the equitable tolling rules, which are generally applicable in Title VII actions against both private and government employers. See *Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95- 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)*. [FN5]

> FN5. Zillyette does not make any argument that he is entitled to equitable estoppel. We thus need not consider the application of equitable estoppel in this case.

This three-day period is of no help to Zillyette, who filed suit 98 days after receipt of the first Postal Service notice. The judgment of the district court is therefore AFFIRMED.

179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017

**Briefs and Other Related Documents (Back to top)**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

179 F.3d 1337 Page 5
179 F.3d 1337, 9 A.D. Cases 925, 16 NDLR P 20, 12 Fla. L. Weekly Fed. C 1017
**(Cite as: 179 F.3d 1337)**


- 1999 WL 33663974 (Appellate Brief) Appellant's Reply Brief (Feb. 05, 1999)

- 1999 WL 33663970 (Appellate Brief) Brief of the Appellees (Jan. 12, 1999)

- 98-3404 (Docket) (Oct. 05, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

232 F.3d 823                                                                                         Page 1
232 F.3d 823, 84 Fair Empl.Prac.Cas. (BNA) 321, 80 Empl. Prac. Dec. P 40,433, 14 Fla. L. Weekly Fed. C 130
**(Cite as: 232 F.3d 823)**

**Briefs and Other Related Documents**

United States Court of Appeals,
Eleventh Circuit.
Roberta SANTINI, M.D., Plaintiff-Appellant,
v.
CLEVELAND CLINIC FLORIDA, Defendant-Appellee.
**No. 99-13897.**

Nov. 6, 2000.

In employment discrimination action under Title VII and Age Discrimination in Employment Act (ADEA), the United States District Court for the Southern District of Florida, No. 98-06559-CV-WJZ, Barry S. Seltzer, J., granted employer's motion for summary judgment, and employee appealed. The Court of Appeals held that Equal Employment Opportunity Commission's (EEOC) reissuance of Notice of Right to Sue did not equitably toll statutory filing period.

Affirmed.

West Headnotes

**[1] Federal Courts 554.1**
170Bk554.1
Order imposing sanctions on party's trial counsel was not reviewable on appeal until award was reduced to sum certain.

**[2] Federal Courts 776**
170Bk776
Court of appeals reviews district court's grant of summary judgment de novo.

**[3] Civil Rights 1530**
78k1530
(Formerly 78k373)
Title VII and ADEA actions may not be brought more than 90 days after complainant has adequate notice that Equal Employment Opportunity Commission (EEOC) has dismissed charge. Age Discrimination in Employment Act of 1967, § 7(e), 29 U.S.C.A. § 626(e); Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); 29 C.F.R. § 1601.21(b, d).

**[4] Civil Rights 1530**
78k1530
(Formerly 78k373)
Second Notice of Right to Sue from Equal Employment Opportunity Commission (EEOC) tolls limitation period for filing discrimination action only if EEOC issues such Notice pursuant to reconsideration on merits. Age Discrimination in Employment Act of 1967, § 7(e), 29 U.S.C.A. § 626(e); Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); 29 C.F.R. § 1601.21(b, d).

**[5] Civil Rights 1530**
78k1530
(Formerly 78k373)
Equal Employment Opportunity Commission's (EEOC) reissuance of Notice of Right to Sue to correct technical defect, rather than pursuant to reconsideration of charge, did not equitably toll statutory filing period under Title VII or ADEA, where complainant had actual knowledge of first Notice. Age Discrimination in Employment Act of 1967, § 7(e), 29 U.S.C.A. § 626(e); Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); 29 C.F.R. § 1601.21(b, d).
*824 Maria Kate Boehringer, Garcia, Elkins, Carbonell & Boehringer, PA, West Palm Beach, FL, for Plaintiff-Appellant.

Catherine Adams, Squire, Sanders & Dempsey, Columbus, OH, for Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before EDMONDSON and MARCUS, Circuit Judges, and RESTANI [FN*], Judge.

> FN* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

PER CURIAM:

This appeal arises from the September 2, 1999, Order of the United States District Court for the Southern District of Florida granting summary judgment to defendant Cleveland Clinic Florida ("the

232 F.3d 823                                                                                                    Page 2
232 F.3d 823, 84 Fair Empl.Prac.Cas. (BNA) 321, 80 Empl. Prac. Dec. P 40,433, 14 Fla. L. Weekly Fed. C 130
**(Cite as: 232 F.3d 823)**

Clinic"). Plaintiff-appellant Roberta Santini, M.D. ("Santini") contends that the district court erred in concluding first that her federal claims were time-barred and second that no basis existed for an equitable tolling of the statutory filing period. We affirm.

BACKGROUND

In late February of 1997, Santini filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Broward County Human Rights Division against the Clinic for gender and age discrimination. On May 8, 1997, Santini amended the Charge to add a claim of retaliatory discharge. In response to the Charge, the EEOC issued a "Dismissal and Notice of Right to Sue" ("Notice"). Santini received the Notice on or before February 2, 1998. An associate at the law firm representing her informed the EEOC that the Notice was undated, so the EEOC issued a second Notice dated March 2, 1998.

[1] On May 29, 1998, Santini filed a complaint with the U.S. District Court for the Southern District of Florida under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e et seq. (1994), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 (1967). On September 2, 1999, the district court granted defendant's motion for summary judgment on Santini's federal claims, finding, *inter alia*, that (1) Santini's federal *825 claims were time-barred because she failed to file her complaint within 90 days of receipt of the Notice, and (2) no basis existed for an equitable tolling of the statutory filing period. The court considers whether the district court erred in granting summary judgment for the Clinic on Santini's claims. [FN1]

> FN1. The district court also issued an Order Imposing Sanctions on Santini's trial counsel Bartley C. Miller ("Miller") for "concealing critical evidence, advancing spurious arguments, submitting misleading affidavits and testimony." Because the magistrate judge has not yet reduced the sanctions order to a specific sum, the order is not final and the court lacks jurisdiction over Miller's appeal. *Traveler's Ins. Co. v. Liljeberg Enterprises Inc.,* 38 F.3d 1404, 1413 n. 18 (5th Cir.1994) ("an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain") (quoting *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.,* 986 F.2d 125, 131 (5th Cir.1993)). Therefore, the court does not reach the issue of sanctions.

DISCUSSION

[2][3][4][5] The court reviews the district court's grant of summary judgment *de novo*. See *Gordan v. Cochran,* 116 F.3d 1438, 1439 (11th Cir.1997). Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge. See, e.g., *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339-41 (11th Cir.1999). [FN2] A second Notice tolls the limitation period only if the EEOC issues such Notice pursuant to a reconsideration on the merits under 29 C.F.R. § 1601.21(b), (d). See, e.g., *Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 557 (11th Cir.1997) ("[A] second EEOC letter ... [is] not effective if there [is] no reconsideration") (citing *Gonzalez v. Firestone Tire & Rubber,* 610 F.2d 241, 246 (5th Cir.1980)). Here, the EEOC reissued a Notice merely to correct a technical defect rather than pursuant to a reconsideration of the Charge. Because the issuance of a second Notice on March 2, 1998 is immaterial, the district court did not err in finding that Santini's federal claims were time-barred.

> FN2. Title VII provides that "[w]ithin ninety days after the giving of ... notice [of dismissal of the charge] a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...." 42 U.S.C § 2000e-5(f)(1). Similarly, the ADEA provides that "[a] civil action may be brought under this section by a person ... against the respondent named in the charge within 90 days after the date of the receipt of ... notice [of dismissal of the charge]." 29 U.S.C. § 626(e).

As a matter of law, receipt of a second EEOC Notice does not constitute grounds for equitable tolling where a party has actual knowledge of the first Notice. See *Ball v. Abbott Advertising, Inc.,* 864 F.2d 419, 421 (6th Cir.1988) (noting that "[a]ctual notice destroys any possible basis for applying the 'equitable tolling' doctrine"). At the summary judgment hearing held June 1, 1999, Santini acknowledged that she had actual knowledge of the first Notice. Therefore, the district court properly found equitable tolling inapplicable. Accordingly, the court affirms the district court's grant of summary judgment.

AFFIRMED.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

232 F.3d 823 Page 3
232 F.3d 823, 84 Fair Empl.Prac.Cas. (BNA) 321, 80 Empl. Prac. Dec. P 40,433, 14 Fla. L. Weekly Fed. C 130
**(Cite as: 232 F.3d 823)**

232 F.3d 823, 84 Fair Empl.Prac.Cas. (BNA) 321, 80 Empl. Prac. Dec. P 40,433, 14 Fla. L. Weekly Fed. C 130

**Briefs and Other Related Documents (Back to top)**

• 2000 WL 33989935 (Appellate Brief) Brief of Appellee Cleveland Clinic Florida (Jan. 05, 2000)Original Image of this Document with Appendix (PDF)

• 1999 WL 33617900 (Appellate Brief) Initial Brief of Appellant (Nov. 18, 1999)Original Image of this Document (PDF)

• 99-13897 (Docket) (Oct. 08, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

967 F.2d 501                                                                                                         Page 1
967 F.2d 501, 59 Fair Empl.Prac.Cas. (BNA) 729, 59 Empl. Prac. Dec. P 41,661, 23 Fed.R.Serv.3d 651
**(Cite as: 967 F.2d 501)**

United States Court of Appeals,
Eleventh Circuit.
Jeraldine D. BRYANT, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF
AGRICULTURE, Defendant-Appellee.
No. 91-8600.

July 28, 1992.

Federal employee for Department of Agriculture brought race discrimination action. The United States District Court for the Middle District of Georgia, No. 89-28-VAL-WDO, Wilbur D. Owens, Jr., Chief Judge, dismissed complaint for lack of jurisdiction. Federal employee appealed. The Court of Appeals, Roney, Senior Circuit Judge, held that 30-day limitations period for filing complaint after receipt of right-to-sue letter was not equitably tolled.

Affirmed.

West Headnotes

**[1] Civil Rights** 1530
78k1530
(Formerly 78k373)
Even if federal employee's letter to district court, stating that her racial discrimination claim had merit for stated reasons and attaching final decision of Equal Employment Opportunity Commission (EEOC) and notice or right to file civil action, could have constituted a complaint, it no longer had validity and could not meet requirement that complaint be filed within 30 days of receiving right-to-sue letter; employee never paid filing fee in connection with letter, although payment was required after district court ordered denying leave to proceed in forma pauperis, papers were never served, and employee herself did not deem letter a filing of complaint because she filed formal complaint, paid filing fee, and obtained service of summons almost 15 months later. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. § 2000e-5(f)(1); Fed.Rules Civ.Proc.Rule 4(j), 28 U.S.C.A.

**[2] Civil Rights** 1530
78k1530
(Formerly 78k373)
The 30-day limitations period for federal employee to file racial discrimination complaint after receipt of right-to-sue letter was not equitably tolled until court ruled upon her request for assistance in obtaining counsel; district court denied employee leave to proceed in forma pauperis and there was nothing in record that could have led employee to believe that court was still considering her request for counsel, and not until formal complaint was filed 13 months later was there any indication in court file that employee was not
dropping her suit because of filing fee requirement. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. 2000e-5(f)(1).

**[3] Civil Rights** 1530
78k1530
(Formerly 78k373)
The 30-day period for filing Title VII action after receipt of right-to-sue letter is not jurisdictional but is akin to statute of limitations and is subject to equitable tolling. Civil Rights Act of 1964, § 706(e), as amended, 42 U.S.C.A. 2000e-5(f)(1).
*502 Jeraldine D. Bryant, pro se.

Chevene B. King, Jr., Albany, Ga., for plaintiff-appellant.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Appeal from the United States District Court for the Middle District of Georgia.

Before KRAVITCH and DUBINA, Circuit Judges and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Alleging a claim for race discrimination, Jeraldine D. Bryant filed a complaint in the district court naming as defendant the United States Department of Agriculture. The district court dismissed the complaint for lack of jurisdiction over a complaint against this agency. The proper party was the Secretary of Agriculture. The district court ruled the defect could not be cured by amendment because the limitations period for filing suit had expired before notice to the Secretary. Bryant argues for reversal on the ground the statute of limitations was equitably tolled while the district court was considering a motion of the *pro se* plaintiff for appointment of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

967 F.2d 501 Page 2
967 F.2d 501, 59 Fair Empl.Prac.Cas. (BNA) 729, 59 Empl. Prac. Dec. P 41,661, 23 Fed.R.Serv.3d 651
**(Cite as: 967 F.2d 501)**

counsel and the relation back doctrine of Federal Rule of Civil Procedure 15(c) permits her to amend her complaint to add the proper defendant. We affirm.

Plaintiff Jeraldine D. Bryant was an employee of the Agricultural Stabilization and Conservation Service, United States Department of Agriculture (USDA). After filing two claims against the USDA, one alleging racial discrimination and the other alleging reprisal for filing the first claim, Bryant appealed the denial of relief to the EEOC.

On November 21, 1987, Bryant received an adverse decision from the EEOC along with a Notice of Right to File a Civil Action stating that Bryant had thirty days to file an action in the district court. See 42 U.S.C. § 2000e-16(c). [FN1] Therefore, in order to comply with the statutory requirements, Bryant was required to file an action by December 21, 1987. All of the dates in connection with the filings in this case are set forth in the APPENDIX to this opinion.

> FN1. Section 2000e-16(c) has since been amended to allow a plaintiff 90 days to file a complaint. 42 U.S.C. § 2000e-16 (Supp.1992).

At the time of receiving the right-to-sue letter, Bryant experienced difficulty in retaining an attorney. Remaining without counsel, Bryant sent three communications to the district court on December 18, 1987, within the thirty-day period for filing suit: a letter stating that her claim had merit for stated reasons and attaching the final decision of the EEOC and the Notice of Right to File a Civil Action; a letter requesting the court to appoint counsel, enclosing four letters from attorneys stating that they could not represent her; and an affidavit in support of her request to proceed in forma pauperis.

On January 19, 1988, the district court denied Bryant's request to proceed in forma pauperis, but did not respond to her *503 request for an attorney. Bryant continued her search for representation without success. Not until over a year later, on January 31, 1989, did Bryant file a *pro se* formal complaint, apparently with some legal assistance. Her complaint named the USDA as the defendant. The United States Attorney was served with this complaint on March 3, 1989. This was apparently the first time that any person with the United States Government, who might be involved with the defense of the claim, knew of Bryant's claim. After filing an answer, the USDA filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction because Bryant had failed to name the proper party and that the complaint failed to state a cause of action upon which relief could be granted because it was not filed within the thirty-day limitations period.

After Bryant obtained legal representation, the district court granted an extension of time in which to respond to the USDA's motion to dismiss. Following the filing of a response, along with affidavits and letters from several attorneys that Bryant had contacted, Bryant's counsel withdrew from the case. The court wrote Bryant inquiring whether she would stand on the pleadings already filed, retain new counsel, or proceed *pro se*. Bryant informed the court that she would stand on the filed pleadings. The court then dismissed the action and Bryant appealed. She has counsel on appeal.

Bryant does not fault the finding that the proper party was not named in her January 31, 1989 complaint or in her letter a year earlier to the court. The statute clearly provides "the head of the department, agency, or unit.... shall be the defendant" in Title VII civil actions brought by employees of the federal Government. Title 42 U.S.C. § 2000e-16(c). Nor does Bryant dispute the statutory requirement that such suits must be brought within thirty days of the receipt of the right-to-sue letter from the EEOC.

She contends, rather, that her December 18, 1987 correspondence to the district court constituted the filing of a timely complaint, or that her January 31, 1989 complaint should be regarded as timely because the thirty-day limitation period was equitably tolled, and that an amendment naming the correct party defendant should relate back to the filing of such timely complaint. Since her arguments regarding the filing of a timely complaint both fail, we need not address her relation back argument.

[1] Bryant first asserts that her letter of December 18, 1987 met the requirements of a timely complaint. This letter arguably contains more than just the filing of a right-to-sue letter which the Supreme Court has squarely held not to constitute commencement of an action under 42 U.S.C. § 2000e- 5(f)(1). See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n. 4, 104 S.Ct. 1723, 1725 n. 4, 80 L.Ed.2d 196 (1984). Even if it could have constituted a complaint, however, it would no longer have validity. Bryant never paid a filing fee in connection with this letter, although payment was required after the January 19, 1988 order of the district court denying

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

967 F.2d 501                                             Page 3
967 F.2d 501, 59 Fair Empl.Prac.Cas. (BNA) 729, 59 Empl. Prac. Dec. P 41,661, 23 Fed.R.Serv.3d 651
**(Cite as: 967 F.2d 501)**

leave to proceed in forma pauperis. In addition, since these papers were never served, dismissal would be required under Federal Rule of Civil Procedure 4(j). Finally, the plaintiff herself did not deem this a filing of a complaint because she filed a formal complaint, paid a filing fee, and obtained service of a summons almost fifteen months later in 1989. We therefore conclude that her initial communication with the district court did not serve as the filing of a complaint.

[2] Bryant alternatively argues the thirty-day limitations period should be tolled until the court rules upon her request for assistance in obtaining counsel. A favorable ruling on this issue could have two effects since the district court has never formally responded to Bryant's request for counsel. First, it might mean that the thirty-day statute has been tolled from the date of the filing of her request, so that a complaint naming the proper party would now be timely. Second, it could mean that the district court's denial of leave to amend was based on an erroneous premise: that *504 the limitations period passed prior to notice to the defendant.

[3] In our judgment, however, equitable tolling does not properly apply in this case. It is clear that the thirty-day period for filing a Title VII action is not jurisdictional but is akin to a statute of limitations and is subject to equitable tolling. *Irwin v. Veterans Administration,* 498 U.S. 89, 111 S.Ct. 453, 459, 112 L.Ed.2d 435 (1990). This Court has previously applied equitable tolling to the time taken by a trial court to decide a motion for appointment of counsel filed within the statutory time limit. *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir.1978). [FN2] See also *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972) (district court's order disposing of motion for counsel should set reasonable time for filing when after decision on motion the time remaining is unreasonably short for securing lawyer and filing complaint); *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir.1971) (time was equitably tolled when court first improperly denied request for attorney, and statute again commenced to run when court appointed an attorney upon plaintiff's second request). In addition, the Supreme Court has recognized that a motion for appointment of counsel might justify tolling the statutory period until the motion is acted upon. *Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725-26.

    FN2. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (Eleventh Circuit bound by decisions of former Fifth Circuit prior to October 1981).

Nevertheless, in those cases where equitable tolling has been applied while a motion for appointment of counsel was pending, the district courts generally ruled on the plaintiff's motion before or shortly after the expiration of the statutory period for filing, and equitable tolling was applied to allow the plaintiff additional time to file a formal complaint. Here, the district court denied Bryant leave to proceed in forma pauperis and there is nothing in the record that could lead Bryant to believe that the court was still considering her request for counsel. No inquiry was made of the court and there was no further communication that would indicate to the court that the plaintiff was willing to pay a filing fee and proceed with the litigation. Not until the formal complaint was filed thirteen months later is there any indication in the court file that the plaintiff was not dropping her suit because of a filing fee requirement.

We disagree with Bryant's contention that she was not required to take any further action after the filing of her motion. It is not unusual for plaintiffs who are denied in forma pauperis status to decide not to proceed with the litigation at their own expense. Assuming without deciding that the court order denying in forma pauperis status was not also an implicit refusal to appoint an attorney to represent Bryant under 28 U.S.C. § 1915(d), it is unreasonable to expect that the district court would still have that request under consideration without knowing whether plaintiff was willing to pay the costs of the litigation. Equity would require that Bryant take some action after the court's order of January 19, 1988, other than to continue her own private search for an attorney. We have found no case in which the actions or inactions of the plaintiff alone have provided a basis for the application of equitable tolling to a limitations period. The Supreme Court has clearly held that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants, and the principle of equitable tolling does not extend "to what is at best a garden variety claim of excusable neglect." *Irwin v. Veterans Administration,* 498 U.S. 89, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). Such is the case here. This Court has ruled that where the plaintiff's failure to file was caused by plaintiff's own negligence, the limitations period will not be equitably tolled. *Smith v. McClammy,* 740 F.2d 925 (11th Cir.1984).

Our decision that Bryant has failed to file a timely complaint controls the argument that an amendment

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

967 F.2d 501                                                                                              Page 4
967 F.2d 501, 59 Fair Empl.Prac.Cas. (BNA) 729, 59 Empl. Prac. Dec. P 41,661, 23 Fed.R.Serv.3d 651
**(Cite as: 967 F.2d 501)**

naming the proper party would relate back to a timely filed complaint. Because neither Bryant's initial *505 correspondence with the district court nor her formal complaint constituted the timely filing of a complaint, the relation back doctrine is of no assistance to Bryant.

There being no timely filed complaint, the district court correctly ruled that the jurisdictional defect in the complaint could not be cured by amendment.

AFFIRMED.

### APPENDIX

July 6, 1985--Bryant filed a complaint with the USDA alleging racial discrimination.

November 27, 1985--Bryant filed another formal administrative complaint with the USDA alleging reprisal for her July 1985 charges.

February 27, 1987--USDA issued its final decision denying relief.

November 19, 1987--Office of Review and Appeals (ORA) of the EEOC issued its final decision upholding the USDA's decision.

November 21, 1987--Bryant received the EEOC final decision with a Notice of Right to File a Civil Action stating that Bryant had thirty days to file an action in the district court.

December 18, 1987--Bryant wrote to the district court requesting right to proceed in forma pauperis and appointment of counsel.

December 21, 1987--Date Bryant was required to file an action in order to comply with the statutory requirement.

January 19, 1988--District court denied Bryant's request to proceed in forma pauperis, but did not respond to her request for an attorney.

January 31, 1989--Bryant filed a *pro se* formal complaint, apparently with some legal assistance, naming United States Department of Agriculture as defendant.

March 3, 1989--The United States Attorney was served.

June 9, 1989--The USDA filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction because Bryant had failed to name the proper party and that complaint failed to state a claim upon which relief could be granted because complaint was not filed within the 30-day limitations period.

July 12, 1989--District court issued an order granting the motion to dismiss but subsequently vacated and granted Bryant an extension of time in which to respond to the USDA's motion to dismiss.

September 6, 1989--Bryant filed a response along with affidavits and letters from several attorneys she had contacted.

November 6, 1989--When counsel withdrew from case, the court wrote Bryant inquiring whether she would stand on the pleadings already filed, retain new counsel, or proceed pro se.

January 6, 1990--Bryant informed the court that she would stand on the filed pleadings.

May 23, 1991--USDA moved to reinstate the court's previous order granting its motion to dismiss.

June 3, 1991--Court dismissed the action. Bryant timely appealed.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

561 F.2d 1209.  Page 1
561 F.2d 1209, 16 Fair Empl.Prac.Cas. (BNA) 63, 15 Empl. Prac. Dec. P 7907, 24 Fed.R.Serv.2d 495
**(Cite as: 561 F.2d 1209)**

United States Court of Appeals,
Fifth Circuit.
Edward W. SHELLEY, Plaintiff-Appellant,
v.
BAYOU METALS, Defendant-Appellee.
No. 77-1282
Summary Calendar.[FN*]

FN* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Oct. 28, 1977.

Discharged employee appealed from the action of United States District Court for the Western District of Louisiana, at Shreveport, 422 F.Supp. 545, Benjamin C. Dawkins, Jr., J., in dismissing his civil rights claim as being untimely filed. The Court of Appeals, Ainsworth, Circuit Judge, held that the running of the limitations period could not be interrupted by an unamended complaint that misstated the defendant's name.

Affirmed.

West Headnotes

**Limitation of Actions** 121(1)
241k121(1)
Running of limitations period on civil rights suit against former employer could not be interrupted by unamended complaint which misstated defendant's name. Civil Rights Act of 1964, § § 701 et seq., 706(e) as amended 42 U.S.C.A. § § 2000e et seq., 2000e-5(f)(1); 42 U.S.C.A. § § 1981, 1988; LSA-C.C. art. 3536; Fed.Rules Civ.Proc. rules 3, 4(d)(1), 15(c), 28 U.S.C.A.
*1209 Robert E. Piper, Jr., Shreveport, La., for plaintiff-appellant.

Henry T. Arrington, New Orleans, La., for defendant-appellee.

Appeal from the United States District Court for the Western District of Louisiana.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiff Edward W. Shelley appeals from the dismissal for untimely filing of his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e, et seq., and 42 U.S.C. s 1981. We affirm.

Plaintiff Shelley, a black male, was discharged by his employer Bayou Metal Products Company on May 8, 1975. He filed a timely complaint with the Equal Employment Opportunity Commission, alleging racial discrimination. The Commission then issued plaintiff a "Right-to-Sue" letter on January 29, 1976, which allowed him ninety days after receipt of the letter to file a civil action under 42 U.S.C. s 2000e-5(f)(1). See Pacheco v. Phelps Dodge Refining Co., 5 Cir., 1976, 531 F.2d 709.

Thereafter, Shelley filed his Title VII complaint in the United States District Court for the Western District of Louisiana on April 28, 1976, just before the expiration of the ninety-day period, and included a claim under 42 U.S.C. s 1981 for back pay. As there is no federal statute of limitations for section 1981 suits, the appropriate state statute will be applied. See 42 U.S.C. s 1988; Page v. U. S. Industries, Inc., 5 Cir., 1977, 556 F.2d 346. The relevant Louisiana prescriptive period is La.Civ.Code Art. 3536 (actions resulting from "offenses or quasi-offenses"), allowing one year from the event which gave rise to the cause of action. See Page v. U. S. Industries, Inc., supra. Thus, Shelley had until May 8, 1976, to file his section 1981 claim.

The complaint filed in the district court on April 28, 1976, incorrectly named "Bayou Metals, Inc." as defendant. Plaintiff's previous employer was a partnership, Bayou Metal Products Company. When suit was filed, plaintiff's counsel instructed the Clerk of Court not to issue service of process until further notice. Instructions for service were not given to the Clerk of Court until May 5, 1976, and service on the defendant's *1210 attorney was made on May 19. Service of process is not effective on an attorney solely by virtue of his capacity as legal counsel for the defendant. See Fed.R.Civ.P. 4(d)(1); Ransom v. Brennan, 5 Cir., 1971, 437 F.2d 513, 518, cert. denied, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

561 F.2d 1209.
561 F.2d 1209, 16 Fair Empl.Prac.Cas. (BNA) 63, 15 Empl. Prac. Dec. P 7907, 24 Fed.R.Serv.2d 495
**(Cite as: 561 F.2d 1209)**

Page 2

(1971). The district court granted the defendant's motion to dismiss for improper service of process on July 21. After the district court granted the motion to dismiss, but before a judgment was rendered in conformity with the dismissal order, plaintiff filed a second suit on July 27, alleging the same facts and statutory bases for relief. Once again plaintiff incorrectly named the defendant, but proper and timely service of process was obtained. Plaintiff never sought to amend the first complaint, to obtain proper service of process, or to appeal the dismissal. The second complaint was dismissed for failure to file within the applicable prescriptive and limitations periods. It is from this dismissal that plaintiff now appeals.

The gravamen of plaintiff's appeal is that both the ninety-day period for filing the Title VII suit and the one-year period for filing the section 1981 suit were tolled by the initial complaint filed on April 28, 1976. Plaintiff contends that the district court erroneously held that the mere filing of a complaint does not toll the running of the limitations and prescriptive periods, and that reasonably timely and proper service is necessary in order to interrupt the statutory periods.

A recent decision of this circuit indicated a preference for the view that the filing of a complaint tolls the running of the limitations period. See Windbrooke Development Corp. v. Environmental Enterprises, Inc. of Fla., 5 Cir., 1975, 524 F.2d 461, 463. The Windbrooke court declared that the "general rule" is that a civil action is deemed to commence upon the filing of a complaint, see Fed.R.Civ.P. 3 ("a civil action is commenced by filing a complaint with the court"), and that this was "especially true where there has been no lack of diligence in obtaining service of process," 524 F.2d at 463. In Windbrooke the delay in service of process was entirely the fault of the district court Clerk's Office. Thus, this circuit has not yet squarely decided whether the statute of limitations can be tolled if the failure of timely service of process is the fault of the plaintiff.

Plaintiff's failure correctly to name the defendant in the April 28, 1976 complaint and his subsequent failure to amend that complaint renders unnecessary the decision of whether reasonable diligence in obtaining service of process in addition to the filing of a complaint is required to toll the statute of limitations. To allow the interruption of the limitations and prescriptive periods with this unamended complaint would obviate the need for Fed.R.Civ.P. 15(c), which sets forth the limited circumstances under which an amendment to a complaint changing the name of a party will relate back to the date the original complaint was filed. The Notes of the Advisory Committee on Rule 15(c) state that the Rule applies to corrections of misnomers and misdescriptions of a defendant. See Montalvo v. Tower Life Building and Tower Life Insurance Co., 5 Cir., 1970, 426 F.2d 1135, 1146-47 (applying the amended 15(c) to a misnomer). But see Washington v. T.G.&Y. Stores Co., W.D.La., 1971, 324 F.Supp. 849, 856-57 (holding that the correction of minor misnomers is not governed by the provisions regarding changing the party defendant). In any case, the running of a limitations period cannot be interrupted by an unamended complaint that misstates the defendant's name.

AFFIRMED.

561 F.2d 1209, 16 Fair Empl.Prac.Cas. (BNA) 63, 15 Empl. Prac. Dec. P 7907, 24 Fed.R.Serv.2d 495

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.