IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:06cv598-WKW |
| | ) | (WO) |
| ENTERPRISE CITY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Linda Williams ("Williams") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that she was discriminated against on the basis of her race (African-American) when she was terminated from her employment.  She names the Enterprise City Schools as the sole defendant in this case.  The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and the jurisdictional grant in  42 U.S.C. § 2000e-5.

Now pending before the court is the Enterprise City Board of Education's[1] (Board) motion to dismiss (doc. # 7).  After careful review and consideration, the court concludes that the  motion to dismiss is due to be denied.

**STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one."  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  "The issue is not whether a plaintiff will ultimately prevail

---

[1] The Board of Education submitted the motion as a "special appearance only for the purposes of submitting" the motion.

but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.*, 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

Finally, when considering a motion to dismiss for failure to state a claim, all facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Consequently, the court has considered only those facts alleged by the plaintiff in her complaint and the extensive exhibits attached to the complaint.

## DISCUSSION

Williams alleges she was terminated from her employment with the Enterprise City

Schools because of her race. Title VII's prohibition against discrimination in the workplace is well-settled.[2] However, the Board alleges that this lawsuit is due to be dismissed because Williams failed to name the proper defendant.[3] According to the Board, the Enterprise City Schools[4] is not a legal entity, and Williams should have named the Enterprise City Board of Education as the defendant.[5] Furthermore, the Board asserts that the plaintiff should not be permitted to amend her complaint to name the proper defendant because she would now be time barred by the 90-day limitation period contained within 42 U.S.C. § 2000e-5(f)(1).[6]

The Board is correct that "[t]he administration and supervision of the public schools and educational interest of each city shall be vested in a city board of education,..."

---

[2] Title VII provides that it "shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .." 42 U.S.C. § 2000e- 2(a)(1)

[3] The defendant also recites conclusory and boiler-plate grounds for dismissing the complaint without alleges any facts or law in support of its position. It is not the court's responsibility to seek out facts in support of the plaintiff's position; rather, the burden is on the parties to formulate arguments and present facts in support of their positions. *See generally Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).

[4] The defendant asserts that the plaintiff named Enterprise City School District as the defendant. While the plaintiff listed the Enterprise City School District in the caption of her complaint, she named as the defendant Enterprise City Schools. The distinction is important because the defendant has repeatedly held itself out to be the Enterprise City School as will be discussed herein.

[5] Of course, the plaintiff must seek a remedy from the Board because Title VII claims may not be maintained against individuals. *See Dearth v. Collins*, ___ F.3d ___, 2006 WL 525539, *1 (11th Cir. March 6, 2006) (No. 05-12039); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). *See also Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (A plaintiff seeking to recover money damages "must look to the government entity itself.")

[6] Williams has 90 calendar days from the date she received her notice of her right to sue from the EEOC to file a civil action in the United States District Court. 42 U.S.C. § 2000e-5(f)(1); *See also Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).

ALA. CODE § 16-11-2. The Board appoints all employees upon the recommendation of the City Superintendent of Schools. ALA. CODE § 16-12-16. Consequently, the Enterprise City Schools is incorrectly named as the Title VII defendant because as a matter of Alabama law the Board is the employer. However, even a cursory review of the pleadings and exhibits shows that the Board of Education has held itself out to be the "Enterprise City Schools." For three years, the Superintendent of Education used "Enterprise City Schools" letterhead on his stationary to offer employment to the plaintiff. (Def's Ex. A). The Board relies upon these letters which do offer Williams "a position with the Enterprise City Board of Education . . . " However, not only does the letterhead identify the Enterprise City Schools as the originator of the letter, the letter is signed by the Superintendent on behalf of the "Enterprise City Schools." Williams' reference form from the school system has "Enterprise City Schools" on the letterhead and her pay stub is from the "Enterprise City Schools." (Pl's Exs. 1 & 2). The plaintiff's EEOC charge, to which the Board responded, names the employer as the Enterprise City Schools. (*Id*.) The EEOC correspondence was sent to the Enterprise City Schools. (Def's Ex. C). The EEOC Notice of Rights identifies the defendant as the Enterprise City Schools. (Def's Ex. B). The plaintiff has consistently received documentation which a reasonable person could understand as representing her employer to be the Enterprise City Schools. It is apparent that Williams named the Enterprise City Schools as her employer due in large part to the Board's own actions. Consequently, the court concludes that Enterprise City Schools is merely a misnomer.[7]

---

[7] The court recognizes that Williams is a *pro se* plaintiff, and in reviewing her complaint, she is entitled to a liberal construction of her claims. *Hughes v. Rowe*, 449 U.S. 5 (1980)

4

Although the Board concedes that "[u]nder different circumstances . . . the Court might consider allowing the Plaintiff to amend her Complaint to name the correct defendant," it argues that she should not be permitted to do so because she "was on clear notice as to the identity of her true employer." (Mot. to Dismiss at 1). First, it was not at all clear from the documentation provided to Williams from her employer that the proper defendant was the Enterprise City Board of Education. More importantly, however, leave to amend should be "freely given when justice so requires." *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The defendant asserts that Williams should not be permitted to amend her complaint because the amendment would not "relate back" to the original filing date. FED. R. CIV. P. 15(c)(3) permits an amendment to relate back to the original filing date when

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2)[8] is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c)(3) (footnote added).

The relation-back doctrine of FED. R. CIV. P. 15(c) applies when the amendment relates back to the original complaint and is considered timely only "if [the amended claims] "arose

---

[8] FED. R. CIV. P. 15(c)(2) provides "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint,..."

out of the conduct, transaction, or occurrence" set forth in [the] original [charge]." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (discussing relation back amendment in § 2255 motion).

> The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. *Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America,* 438 F.2d 1286, 1299-1300 (5th Cir. 1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972). When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563, 1566 (5th Cir. 1985).

*Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

In this case, amending the complaint to name the proper defendant is consistent with FED. R. CIV. P. 15(c). Because the claims would not change, they would arise "out of the conduct, transaction, or occurrence set forth . . . in the original complaint." The Board has not alleged, nor has it demonstrated, that it would be prejudiced by permitting the plaintiff to amend her complaint to name the Enterprise City Board of Education as the proper defendant in this matter. The Board knew, or should have known, that Williams would have named it as the defendant but for her mistake. Finally, the Board cannot escape the role it played in permitting Williams to be mistaken about the proper name of her employer.

Accordingly, for the reasons as stated, the court concludes that the motion to dismiss (doc. # 7) should be denied[9] and that the plaintiff should be given an opportunity to amend her

---

[9] To the extent that the defendant argues that the complaint is due to be denied because her claims of discrimination were more than 180 days prior to filing her EEOC charge, the defendant is simply wrong. In her EEOC charge, the plaintiff alleges that the latest date of discriminatory action occurred on May 17, 2005. She filed her EEOC charge on November 14, 2005. Her charge was timely filed. *See* FED. R. CIV. P. 6(a).

6

complaint to properly name the defendant in this action.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the defendant's Motion to Dismiss (Doc. # 7) be DENIED and that the plaintiff be permitted thirty (30) days from the date of the order adopting this Recommendation to amend her complaint to name the proper defendant. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 25, 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 12th day of October, 2006.

       /s/Charles S. Coody
       CHARLES S. COODY
       CHIEF UNITED STATES MAGISTRATE JUDGE