IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06CV598-WKW |
| ) | |
| ENTERPRISE CITY SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO RECOMMENDATION
OF MAGISTRATE JUDGE**

COMES NOW the Enterprise City Board of Education (sometimes referred to herein as the "Board") and makes this special appearance only for the purposes of submitting these Objections to the Recommendation of the Magistrate Judge to deny the Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. The Board states as follows:

1.  Objection No. 1: The Magistrate Judge's Recommendation states multiple times that the Plaintiff has brought her claims under Title VII of the Civil Rights Act of 1964 for racial discrimination and that she is an African-American. Nowhere in Plaintiff's Complaint does it allege that she is an African-American alleging racial discrimination. The Complaint alleges discrimination based solely on disability and, in fact, Plaintiff is Caucasian. Also, the copy of the EEOC charge which was attached to the Board's Motion establishes the claim is based solely on disability. Perhaps the Board's failure to specifically point out these facts in the body of its Motion caused or contributed to the errors in the Magistrate Judge's Recommendation.

2.  Objection No. 2:   The Magistrate Judge's Recommendation did not discuss the

Board's Motion in terms it being a Motion for Summary Judgment. As shown in the original Motion and below, the standard of review for a motion for summary judgment dictates that the Board should prevail on its Motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (discussing the standard of review for motions for summary judgment).

   3. Objection No. 3: The Magistrate Judge's Recommendation states, in effect, that since Plaintiff received letterhead and a pay-stub that state only "Enterprise City Schools," Plaintiff's confusion as to who to sue was "due in large part to the Board's own actions." The Magistrate Judge's Recommendation also states that the EEOC paperwork listed Plaintiff's employer as "Enterprise City Schools."

   As demonstrated in the Board's Motion, the Board established that the Plaintiff received documents over several years which established her true employer was the Enterprise City Board of Education and put her on notice of the same. Moreover, as to the EEOC using the phrase "Enterprise City Schools," the fact that the EEOC simply repeated what the Plaintiff printed in her charge should not be held against the Board.

   In summary, the Board contends that the documents sent to Plaintiff put her on notice of facts that required her to inquire as to the true defendant in this matter. It was the Plaintiff's duty and burden to sue the correct defendant and if there was any confusion, the Plaintiff could have easily eliminated the confusion prior to her filing suit. See Bryant v. United States Department of Agriculture, 967 F.2d 501 (11th Cir. 1992) (where the Court stated the Plaintiff's own negligence does not excuse a failure to comply with a timely filing requirement). In applying the standard of review for summary judgment motions, the Board contends that Plaintiff has failed to come forward with sufficient evidence to survive summary judgment.

Objection No. 4:  The Magistrate Judge's Recommendation also recommends denial of the Board's Motion because the Recommendation asserts the Board was "simply wrong" in its assertion that Plaintiff's claims of discrimination were more than 180 days prior to her filing the EEOC charge. Again, perhaps the Board's failure to speak to this issue in more detail caused or contributed to the Magistrate Judge's finding.  The Complaint alleges discrete discriminatory acts from "11-2003 thru 5-2005." While admittedly, the latest date of alleged discrimination, May 17, 2005, would mean that her charge related to that date would be timely, the same does not hold true for alleged acts prior that date.

Even a liberal reading of the Plaintiff's Complaint reveals that except for the allegation related to her date of termination, May 17, 2005, she alleges discrete discriminatory acts that occurred prior to May 17, 2005. The only substantive allegations which appear anywhere in the Plaintiff's Complaint are in paragraph 9, wherein Plaintiff states the "principal criticized [her] for activities that were considered satisfactory for other teachers." She then states "[m]y disability was not diagnosed for more than a year of seeking medical attention.  The disease was in a serious state by the time specialists diagnosed the illness."  Paragraph 9, Page 2 of Complaint. There can be no dispute that these allegations only relate to discrete acts and by Plaintiff's own admission in the Complaint, any such alleged acts would have occurred prior to May 17, 2005. Therefore, these alleged actions would have occurred more than 180 days prior to her filing her EEOC charge.

In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002), the United States Supreme Court held that a discrete discriminatory act occurs on the day that it happens. Id. at 110. A plaintiff must file a charge within 180 days of when the discriminatory act occurs or lose the ability to recover for it. Id. "[D]iscrete discriminatory acts are not actionable if time barred, even

when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113. Based on this law, Plaintiff's allegations related to alleged discriminatory acts occurring prior to May 17, 2005 are barred.

The Supreme Court has further noted that there should be strict adherence to filing requirements in employment discrimination cases because it is the best guarantee of evenhanded administration of the law. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984). Plaintiff in the instant case has not strictly adhered to the applicable filing requirements. Therefore, her claims should be dismissed. See Chapman v. AI Transport, 229 F.3d 1012, 1027 (11th Cir.2000) (en banc) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand and whittle cases down to the few triable claims, casting aside the many non-triable ones through dismissals where there is failure to state a claim and through summary judgment where there is no genuine issue of material fact.").

5. Objection No. 5: The Magistrate Judge's Recommendation notes in footnote 3 that the Board included other boiler-plate grounds for dismissal. Simply to avoid any waiver argument, the Board did include such grounds/defenses as support for dismissal, contends the same are valid and makes this objection to the Recommendation's finding as a precaution in order to preserve said defenses to the extent necessary.

    /s/ R. Rainer Cotter, III
R. RAINER COTTER, III (COT010)
**Counsel for Defendant,**
**Enterprise City Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
rrc@enterpriselawyers.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the **25TH** day of **October**, I have served a copy of the above and foregoing document upon the following individual by United States mail, 1st class and certified, postage prepaid, and properly addressed:

Linda Williams
3538 Lake Oakridge Drive
Enterprise, Alabama 36330

                                                  /s/ R. Rainer Cotter, III
                                                  Of Counsel