IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06cv598-WKW |
| | ) | (WO) |
| ENTERPRISE CITY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Liberally construing her complaint as the court is required to do, the court concludes that *pro se* plaintiff Linda Williams ("Williams") brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12117. She alleges that her employer discriminated against her on the basis of her disability when she was terminated from her employment.[1] She names the Enterprise City Schools as the sole defendant in this case. The court has jurisdiction of this matter pursuant to 42 U.S.C. § 12117 and 28 U.S.C. § 1331.

Now pending before the court is the defendant's motion to dismiss or, in the alternative, motion for summary judgment (doc. # 7). The defendant alleges that this lawsuit is due to be dismissed because Williams failed to name the proper defendant. According to

---

[1] Although the plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., it is clear from a review of her complaint that the plaintiff is alleging that she was terminated because of her disability.

the defendant, the Enterprise City Schools[2] is not a legal entity, and Williams should have named the Enterprise City Board of Education as the defendant. Furthermore, the defendant asserts that the plaintiff should not be permitted to amend her complaint to name the proper defendant because she would now be time barred by the 90-day limitation period contained within 42 U.S.C. § 2000e-5(f)(1).[3]

To the extent that the defendant seeks summary judgment, at this juncture, the motion is due to be denied as premature.[4] After careful review and consideration, the court concludes that the motion to dismiss is due to be denied.

## STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not

---

[2] The defendant asserts that the plaintiff named Enterprise City School District as the defendant. While the plaintiff listed the Enterprise City School District in the caption of her complaint, she named as the defendant Enterprise City Schools. The distinction is important because the defendant has repeatedly held itself out to be the Enterprise City School as will be discussed herein.

[3] The defendant also recites conclusory and boiler-plate grounds for dismissing the complaint without alleges any facts or law in support of its position. It is not the court's responsibility to seek out facts in support of the plaintiff's position; rather, the burden is on the parties to formulate arguments and present facts in support of their positions. *See generally Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994). To the extent that the defendant asserts additional grounds in paragraph 3 of its motion to dismiss, the motion to dismiss on those grounds is due to be denied. *See* Doc. # 7 at 2-3.

[4] Initial disclosures have not been exchanged and no discovery has been conducted. After a reasonable period for discovery, the defendant may again seek summary judgment on the merits.

2

the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

Finally, when considering a motion to dismiss for failure to state a claim, all facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Consequently, the court has considered only those facts alleged by the plaintiff in her complaint and the extensive exhibits attached to the complaint.

## DISCUSSION

Williams alleges she was terminated from her employment with the Enterprise City Schools because of her disability. The ADA provides that no covered employer shall discriminate against "a qualified individual with a disability because of the disability of such

3

individual" in any of the "terms, conditions [or] privileges of employment." 42 U.S.C. § 12112(a). However, the defendant alleges that this lawsuit is due to be dismissed because Williams failed to name the proper defendant. According to the defendant, Williams should have named the Enterprise City Board of Education as the defendant. Furthermore, the defendant asserts that Williams should not be permitted to amend her complaint to name the proper defendant because she would now be time barred. Williams has 90 calendar days from the date she received her notice of her right to sue from the EEOC to file a civil action in the United States District Court.[5] 42 U.S.C. § 2000e-5(f)(1); *See also Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).

The defendant is correct that "[t]he administration and supervision of the public schools and educational interest of each city shall be vested in a city board of education,..." ALA. CODE § 16-11-2. Consequently, the Enterprise City Schools is incorrectly named as that defendant. However, it is clear from a review of the pleadings that the defendant has held itself out to be the Enterprise City Schools. For three years, the Superintendent of Education used "Enterprise City Schools" letterhead on his stationary to offer employment to the plaintiff. (Def's Ex. A). Williams' reference form from the school system has

---

[5] The defendant also asserts that the court should dismiss any claims of discrimination or other unlawful practices that occurred more than 180 days prior to her filing the EEOC charge. It is clear from reviewing the complaint that the plaintiff challenges only her termination in this action. The defendant does not dispute that Williams' EEOC charge challenging her termination was timely. In her EEOC charge, the plaintiff alleges that the latest date of discriminatory action, her termination, occurred on May 17, 2005. She filed her EEOC charge on November 14, 2005. Her charge was timely filed. *See* FED. R. CIV. P. 6(a).

"Enterprise City Schools" on the letterhead and her pay stub is from the "Enterprise City Schools." (Pl's Exs. 1 & 2). The plaintiff's EEOC charge, to which the defendant responded, names the employer as the Enterprise City Schools. (*Id*.) The EEOC correspondence was sent to the Enterprise City Schools. (Def's Ex. C). The EEOC Notice of Rights identifies the defendant as the Enterprise City Schools. (Def's Ex. B). The plaintiff has consistently received documentation which represents her employer to be the Enterprise City Schools. It is apparent that Williams named the Enterprise City Schools as her employer due in large part to the Board's own actions. Consequently, the court concludes that Enterprise City Schools is simply a misnomer.[6]

Although the Board concedes that "[u]nder different circumstances . . . the Court might consider allowing the Plaintiff to amend her Complaint to name the correct defendant," it argues that she should not be permitted to do so because she "was on clear notice as to the identity of her true employer." (Mot. to Dismiss at 1). First, it was not at all clear from the documentation provided to Williams from her employer that the proper defendant was the Enterprise City Board of Education. More importantly, however, leave to amend should be "freely given when justice so requires." *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

On October 25, 2006, Williams filed a motion to amend her complaint to name the Enterprise City Board of Education as the defendant. The court entered an order granting the

---

[6] The court recognizes that Williams is a *pro se* plaintiff, and in reviewing her complaint, she is entitled to a liberal construction of her claims. *Hughes v. Rowe*, 449 U.S. 5 (1980)

5

amendment unless objections were filed. The Board duly filed objections and now asserts that Williams should not be permitted to amend her complaint because the amendment would not "relate back" to the original filing date. FED. R. CIV. P. 15(c)(3) permits an amendment to relate back to the original filing date when

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2)[7] is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c)(3) (footnote added).

The relation-back doctrine of FED. R. CIV. P. 15(c) applies when the amendment relates back to the original complaint and is considered timely only "if [the amended claims] "arose out of the conduct, transaction, or occurrence" set forth in [the] original [charge]." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (discussing relation back amendment in § 2255 motion).

> The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. *Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America,* 438 F.2d 1286, 1299-1300 (5th Cir. 1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972). When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563, 1566 (5th

---

[7] FED. R. CIV. P. 15(c)(2) provides "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint,..."

Cir. 1985).

*Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

In this case, amending the complaint to name the proper defendant would be consistent with FED. R. CIV. P. 15(c). Because the claim would not change, it would arise "out of the conduct, transaction, or occurrence set forth . . . in the original complaint." The Board has not alleged, nor has it demonstrated, that it would be prejudiced by permitting the plaintiff to amend her complaint to name the Enterprise City Board of Education as the proper defendant in this matter. The Board knew, or should have known, that Williams would have named it as the defendant but for her mistake. Finally, the Board cannot escape the role it played in permitting Williams to be mistaken about the proper name of her employer.

Accordingly, for the reasons as stated, the court concludes that the motion to dismiss (doc. # 7) should be denied and the objections to the motion to amend should be overruled and the plaintiff's motion to amend granted.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge as follows:

1. That the defendant's Motion to Dismiss and Motion for Summary Judgment be DENIED.

2. That the defendant's objections to the motion to amend be overruled and the motion to amend granted. It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **December 27, 2006**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

    Done this 14th day of December, 2006.

                                 /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE