IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:06CV598-WKW |
| ) | |
| ENTERPRISE CITY SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OBJECTIONS TO RECOMMENDATION OF MAGISTRATE JUDGE

COMES NOW the Enterprise City Board of Education (sometimes referred to herein as the "Board") and makes this special appearance only for the purposes of submitting these Objections to the Recommendation of the Magistrate Judge to deny the Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. The Board states as follows:

1. <u>Objection No. 1</u>: The Magistrate Judge's Recommendation states, in effect, that since Plaintiff received letterhead and a pay-stub that state only "Enterprise City Schools," Plaintiff's confusion as to who to sue was due the defendant holding itself out to be "Enterprise City Schools." The Magistrate Judge's Recommendation also states that the EEOC paperwork listed Plaintiff's employer as "Enterprise City Schools."

As demonstrated in the Board's Motion, the Board established that the Plaintiff received documents over several years which established her true employer was the Enterprise City Board of Education and put her on notice of the same. Moreover, as to the EEOC using the phrase "Enterprise City Schools," the fact that the EEOC simply repeated what the Plaintiff printed in her charge should not be held against the Board.

In summary, the Board contends that the documents sent to Plaintiff put her on notice of facts that required her to inquire as to the true defendant in this matter. While it is true that the letters sent to Plaintiff from the Superintendent's office used "Enterprise City Schools" as letterhead, each letter also states quite clearly that she was being offered employment by the "Enterprise City Board of Education." See Exhibit "A" attached to Defendant's Motion. At the very least then, Plaintiff was given information that put her on actual notice as to the proper identity of the defendant and she cannot now say she was simply mistaken. It was the Plaintiff's duty and burden to sue the correct defendant and if there was any confusion, the Plaintiff could have easily eliminated the confusion prior to her filing suit. See Bryant v. United States Department of Agriculture, 967 F.2d 501 (11th Cir. 1992) (where the Court stated the Plaintiff's own negligence does not excuse a failure to comply with a timely filing requirement). In applying the standard of review for summary judgment motions, the Board contends that Plaintiff has failed to come forward with sufficient evidence to survive summary judgment.

    2.    Objection No. 2:  The Magistrate Judge's Recommendation also recommends denial of the Board's Motion because the Recommendation asserts the Board was wrong in its assertion that Plaintiff's claims of discrimination were more than 180 days prior to her filing the EEOC charge.  The Complaint alleges discrete discriminatory acts from "11-2003 thru 5-2005." While admittedly, the latest date of alleged discrimination, May 17, 2005, would mean that her charge related to that date would be timely, the same does not hold true for alleged acts prior that date.  The Magistrate's Recommendation in footnote 5 states that "it is clear from reviewing the Complaint that the Plaintiff challenges only her termination in this action."  The Defendant requests this Court to make a specific finding that to the extent the Plaintiff's Complaint could be read as asserting any

claims prior to May 17, 2005, then those claims would be barred. At a minimum, Defendant requests partial summary judgment as to that finding.

      3. <u>Objection No. 3</u>: The Magistrate Judge's Recommendation notes in footnote 3 that the Board included other boiler-plate grounds for dismissal. Simply to avoid any waiver argument, the Board did include such grounds/defenses as support for dismissal, contends the same are valid and makes this objection to the Recommendation's finding as a precaution in order to preserve said defenses to the extent necessary.

                                                 /s/ R.  Rainer Cotter, III
                                      R. RAINER COTTER, III (COT010)
                                      **Counsel for Defendant,**
                                      **Enterprise City Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
rrc@enterpriselawyers.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the **27th** day of **December, 2006**, I have served a copy of the above and foregoing document upon the following individual by United States mail, 1st class and certified, postage prepaid, and properly addressed:

      Linda Williams
      3538 Lake Oakridge Drive
      Enterprise, Alabama 36330

                                               /s/ R.  Rainer Cotter, III
                                      Of Counsel