IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA WILLIAMS,                              )
                                             )
         Plaintiff,                          )
                                             )
vs.                                          )    CASE NO. 1:06CV598-WKW
                                             )
ENTERPRISE CITY SCHOOL DISTRICT,             )
                                             )
         Defendant.                          )

### ANSWER OF THE ENTERPRISE CITY BOARD OF EDUCATION

COMES NOW the Enterprise City Board of Education and submits this answer to the

Plaintiff's Complaint/amended Complaint.

1.      Upon information and belief, Defendant admits the allegations contained in paragraph

number one of the Plaintiff's Complaint.

2.      Defendant denies the allegations contained in paragraph number two of the Plaintiff's

Complaint as the correct name of this Defendant is the Enterprise City Board of Education.

3.      No response is required to Plaintiff's allegations stated in paragraph number three

of her Complaint but to the extent a response is deemed required, the Defendant states that Plaintiff

should be required to more specifically plead her claims, including her claims for relief. Further,

Defendant contends that Plaintiff fails to state a claim for which relief can be granted under this

paragraph and elsewhere.

4.      No response is required to paragraph number four of the Plaintiff's Complaint but

to the extent a response is required, Defendant denies the allegations contained in said paragraph

and demand strict proof thereof.

5.      Defendant is unable to admit or deny the allegations contained in paragraph number five of the Plaintiff's Complaint and, therefore, must deny the same and demand strict proof thereof.

6.      Defendant denies the allegations contained in paragraph number six of the Plaintiff's Complaint and demands strict proof thereof.

7.      Defendant denies the allegations contained in paragraph number seven of the Plaintiff's Complaint and demands strict proof thereof.

8.      Defendant denies the allegations contained in paragraph number eight of the Plaintiff's Complaint and demands strict proof thereof.

9.      Defendant denies the allegations contained in paragraph number nine of the Plaintiff's Complaint and demands strict proof thereof.

10.     Defendant denies the allegations contained in paragraph number ten of the Plaintiff's Complaint and demands strict proof thereof.

11.     In response to paragraph 11 of the Plaintiff's Complaint, Defendant admits that the EEOC dismissed her charge and sent a "right-to-sue" letter but is unable to admit or deny the remaining allegations contained in paragraph number six of the Plaintiff's Complaint at this time and, therefore, reserves the right to amend this response.

12.     No response is required to paragraph 12 of the Plaintiff's Complaint but to the extent a response is deemed required, Defendant contends Plaintiff is not entitled to said relief and should in any event have to plead her claims more specifically.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant asserts the following additional defenses, without admission that Defendant bears the burden of proof on any of the same.

1.      Plaintiff's complaint fails to state a claim for which relief may be granted.

2.      Defendant pleads the general issue.  Any averments of the complaint not specifically admitted, are denied and strict proof of same is demanded.

3.      Defendant pleads the statute of limitations and laches.

4.      If Plaintiff proves that any decision regarding her employment was motivated in whole or in part by her alleged disability or other unlawful intent, the Defendant would show that the same action would have been taken regardless of said alleged intent.

5.      Defendant states that the failure to renew the Plaintiff's contract, and any and all other claims of alleged adverse employment decisions with regard to the Plaintiff, were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's alleged disability.

6.      Defendant did not discriminate against Plaintiff based upon her alleged disability, or any other unlawful basis.

7.      None of the decisions made by the Defendant regarding Plaintiff's employment, including the decision not to renew her contract, was based on any unlawful factors.

8.      Plaintiff had no right to have her contract renewed.

9.      Defendant pleads sovereign immunity, absolute immunity, discretionary function immunity, state agent immunity, and all other forms of immunity to which they may be entitled by the Constitution, federal law or state law.

10.     Defendant pleads the business judgment rule.

11.     In the event that Plaintiff could show liability or damages (both of which are denied), Plaintiff failed to mitigate any alleged damages.

12.    Defendant pleads the defense of unclean hands.

13.    Defendant pleads the defenses of acquiescence, consent, or waiver.

14.    Plaintiff has failed to state a prima facie claim under federal employment laws and cannot rebut legitimate reasons for the challenged employment action.

15.    Defendant denies there is any claim for emotional distress but any claim for emotional distress would be barred because Plaintiff has not shown that no reasonable person could be expected to endure the alleged actions. Moreover, to the extent there is any claim for such, an award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    (a)    The purpose of awarding compensatory damages is to reimburse one for loss suffered and give the equivalent or substitute of equal value for something lost.  However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering.  The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award.  Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

        (1)    It fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment;

        (2)    It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment;

        (3)    It results in the imposition of different compensation for the same or similar acts, and thus, violates the equal protection clause;

        (4)    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments.

    (b)    The award of discretionary compensatory damages for mental suffering constitutes a deprivation of property without due process of law.

16.     To the extent Plaintiff seeks recovery for alleged acts or omissions occurring more than 180 days prior to the filing of a charge of discrimination with the EEOC, Plaintiff is barred from recovering from Defendant.  Plaintiff's claims are further barred to the extent that they were not the subject of timely charges of discrimination filed with the EEOC, or the subject of a lawsuit filed within ninety (90) days of the receipt of a right to sue letter.

17.     Plaintiff's claims are barred to the extent that any alleged conduct was not mentioned in a timely charge of discrimination filed by Plaintiff with the EEOC, or was not the subject of investigation or conciliation by such administrative agency or to the extent that Plaintiff otherwise failed to exhaust administrative procedures required by the EEOC and applicable law.

18.     Plaintiff failed to comply with the internal grievance procedures of the Defendant.

19.     Plaintiff does not allege a tangible employment action with regard to some of her allegations.

20.     Plaintiff she failed to sue the correct Defendant and her time to file suit expired as it is more than ninety (90) days past the date when she allegedly received the Notice from the EEOC.

21.     The face of the Plaintiff's Complaint reveals that she is seeking recovery for alleged "discrimination" from "11-2003 thru 5-2005."  To the extent her Complaint claims alleged "discrimination" or other unlawful practices more than 180 days prior to her filing the EEOC charge, the Complaint fails as a matter of law. 42 U.S.C. § 2000e-5(e)(1).

22.     Plaintiff's Complaint is due to be dismissed because of insufficiency of process and insufficiency of service of process.

23.     Plaintiff's Complaint is due to be dismissed because of Court's lack jurisdiction over the Defendant in that there is no such Defendant as named in the Complaint and the proper Defendant was not timely named.

24.     Plaintiff fails to properly allege that she suffered from a disability and was a "qualified individual" per the Americans with Disabilities Act.

25.     Plaintiff seeks to have the Court act as a super-personnel department, and to second guess employment decisions.

26.     Plaintiff's belief that she was the victim of discrimination is not objectively reasonable.

27.     Plaintiff makes the judicial admission that legal remedies are available, and Plaintiff cannot, therefore, seek equitable relief in the alternative.

28.     Balancing the hardships would result in any equitable decree being in favor of the Defendant and against the Plaintiff.

30.     Defendant invokes all applicable statutory cap on damages.

31.     Plaintiff's complaint does not meet the heightened pleading requirements established by the Eleventh Circuit.

32.     Plaintiff's claims constitute a shotgun complaint as the same has been defined by the Eleventh Circuit.

33.     Defendant avers that assuming solely the for sake of argument that Plaintiff would qualify as a "qualified individual" under the ADA, she failed to give proper notice of such to Defendant.

34.     Defendant is entitled to qualified immunity because any action that it took was taken in good faith, pursuant to its discretionary authority.

35.     Plaintiff's damages, if any, were caused by pre-existing and/or intervening causes unrelated to any action taken by Defendant.

36.     Plaintiff cannot prove causation in fact or proximate causation.

37.    Plaintiff fails to allege and cannot prove an official policy or custom of the Board related to the alleged discrimination.

38.    Defendant avers Plaintiff is not entitled to such and has not alleged the same or alleged any conduct which would entitle her to seek the same, but in a height of caution, Defendant reserves the right to assert additional constitutional and other defenses related to the same.

39.    As the complaint in this matter is unduly vague, Defendant hereby reserves the right to amend its answers and defenses as said case develops.

                                         /s/ R.  Rainer Cotter, III
                                         R. RAINER COTTER, III (COT010)
                                         **Counsel for Defendant,**
                                         **Enterprise City Board of Education**

**OF COUNSEL:**

MARSH, COTTER & STEWART, LLP
P.O. Box 310910
Enterprise, Alabama 36331-0910
(334) 347-2626
rrc@enterpriselawyers.com or rcotter@snowhill.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **29TH** day of **January, 2007**, I have served a copy of the above and foregoing document upon the following individual by United States mail, postage prepaid, and properly addressed:

Linda Williams
3538 Lake Oakridge Drive
Enterprise, Alabama 36330

                                         /s/ R.  Rainer Cotter, III
                                         Of Counsel